## The State vs. Burr.

One duly licensed as a *common victualler* under the 2d. *section* of *ch.* 133 of the statutes, and selling spiritous liquors in small quantities to those whom he victualled and others, to be drank in his cellar, and not permitting them " to drink to drunkenness or excess," was *held*, not thereby to have violated the provisions of the 1st section, which impose a penalty for any person's presuming to be a " *common seller* of wine, brandy, rum and other strong liquors, " *without being duly licensed*."

THE defendant was indicted for being a " *common seller* of " wine, brandy, rum and other strong liquors by retail, without " being duly licensed," in violation of the provisions of statute

*ch.* 133. The facts upon which the indictment was founded are sufficiently stated in the opinion of the Court, which was delivered by

Mellen C. J. — The indictment charges the defendant with the violation of the first section of *ch.* 133 of the revised statutes, by having been for a certain period a common seller of wine, brandy, rum and other strong liquors by retail, without being duly licensed. The question is, whether the charge is maintained by the evidence as reported. It appears that the defendant, during the alleged period, was *a duly licensed common victualler,* though not innholder or retailer. The *first* section prohibits any person from being a *common victualler,* as well as a seller of spiritous liquors, without being licensed for the purpose. The *fifth* section declares that no innholder, victualler or retailer shall suffer any person to drink to *drunkenness* or *excess* in his or her house or shop, on pain of forfeiting five dollars for every offence of that kind. This section has reference to those persons of the above-mentioned descriptions who are *duly licensed:* and by its language does not prohibit either an innholder, retailer or common victualler from supplying customers with any of the spiritous liquors described, in moderate quantities and under proper circumstances. This may be lawfully done, by a common victualler, allowing no improper indulgence to those who are supplied. By the report it appears, that the defendant kept a bar in his victualling cellar, where he sold therefrom, to be there drunk, to such as he victualled, and to all other persons who might call (excepting they had already taken too much) spiritous liquors in small quantities, to be drunk by those who called for such. We cannot say that such supplies, thus furnished, amounted to a violation of the statute. As a *licensed common victualler,* he was authorized to furnish supplies of spiritous liquors, to a certain extent, to customers : what was allowed and done by him in his cellar, in this respect, was not a violation of the fifth section : and he did not presume to be a *common seller* of wine, brandy, rum and other spiritous liquors, within the true intent and meaning of the *first* section : but he was a *limited seller* of such liquors to those who frequented his victualling cellar, which was duly

licensed, to be there consumed. On this evidence, the charge in the indictment does not seem to be maintained. It is true, that the concluding paragraph in the first section declares, that " if any person shall at any time sell any spiritous liquors or " any mixed liquors, part of which is spiritous, *without license* " *therefor*, he shall forfeit and pay for each offence the sum of five " dollars." We think this provision cannot apply to the acts done by the defendant under his license as a *common victualler*. Besides, the indictment is not founded on this branch of the section : it charges *no act of selling* spiritous liquors to any one ; and if it had, the penalty must, by the ninth section, have been recovered by action of debt before a justice of the peace. The present indictment charges the defendant with presuming to appear and act in a certain character, which he had no license or authority to assume and sustain ; and though the penalty incurred by such an offence may be recovered on information or indictment, still, as we have before observed, we do not consider the evidence in the case as sustaining the indictment on the statute of 1821. — But our attention has been called to two other statutes which have been enacted since that time. The first is one passed in 1829, *ch.* 436, the first section of which required that every license granted under the second section of the act of 1821, should express whether it was granted to a *victualler*, innholder, or seller of wine, beer, ale, cider, brandy, rum or other strong liquor by retail, and that no such license should authorize the sale of spiritous liquors to be drunk in the store or shop of any victualler or retailer, and declaring that by a violation of such act the offender should forfeit five dollars. This section, however, was repealed by the act of 1830, *ch.* 482, the first section of which authorizes certain town officers to grant licenses to victuallers, innholders and retailers, and if authorized by their town, may authorize persons so licensed, to sell spiritous liquors to be drunk in their shops and stores, and that such permission shall be inserted in the license ; and declares that every person who shall sell spiritous liquors, so to be drunk, or shall suffer any to be drunk in his store or shop, shall forfeit and pay for each offence *five dollars ;* but the penalty is to be recovered by action of debt before a justice of the

peace. Besides, this is not the offence described in the indictment. On a careful examination of all the acts relating to the subject, we perceive no foundation on which the indictment can be sustained. The verdict is therefore to be so amended, as to stand a general verdict of *not guilty*.

*Rogers*, Attorney General.

*Parks*, for the defendant.